**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Harold Herrera-Ramirez,

     Petitioner

v.

The United States of America, et al.,

     Respondents

Case No.: 2:26-cv-00429-JAD-BNW

**Order Granting Habeas Petition in Part**

[ECF No. 11]

Petitioner Harold Herrera-Ramirez is a Colombian citizen who entered the United States in 2023 and, after being briefly detained near the border, was released into the country on a notice to appear. On December 3, 2024, Herrera-Ramirez was arrested by Immigration and Customs Enforcement (ICE) agents, and he has been detained at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since. An immigration judge (IJ) denied his request for bond in February 2025, finding that his two 15-year-old criminal convictions in Colombia demonstrated that he was a danger to the community. The Board of Immigration Appeals (BIA) denied Herrera-Ramirez's appeal of that decision. He then sought another bond hearing in December 2025, but the IJ denied that request because he believed that Herrera-Ramirez was subject to a final removal order and thus that the immigration court no longer had jurisdiction to consider the request under 8 U.S.C. § 1231.

Herrera-Ramirez seeks a writ of habeas corpus, alleging that he was not provided the procedural protections he is due under 8 U.S.C. § 1226(a)—the detention authority that provides noncitizens with the opportunity to seek bond, appeal adverse bond determinations, and seek additional bond hearings because of changed circumstances. The government agrees that Herrera-Ramirez is subject to detention under § 1226(a), but it contends that he has received all

of the process afforded under that statute.  I grant Herrera-Ramirez's petition in part.  I find that the IJ committed clear error when he denied Herrera-Ramirez's December 2025 request for a bond hearing on jurisdictional grounds because, at that time, Herrera-Ramirez was not subject to a final removal order under § 1231 and thus should have been granted consideration of a second bond hearing under § 1226(a).  Because Herrera-Ramirez has been detained for more than a year without any real opportunity to seek bond, I find that due process requires giving him a new bond determination before an IJ.  But I deny Herrera-Ramirez's request that the government bear the burden of proof in that hearing because he hasn't shown that it is required to comport with due process.

## Background

Petitioner Harold Herrera-Ramirez is a citizen of Colombia.  He entered the United States in October 2023 by illegally crossing the Mexico/United States border.  He was arrested by Border Patrol agents and was eventually released into the United States on an order of recognizance and a notice to appear for his removal proceedings.[1]  Herrera-Ramirez applied for asylum and withholding of removal under the United Nations Convention Against Torture (CAT) in March 2024.[2]

On December 3, 2024, ICE agents arrested and detained Herrera-Ramirez, and he has been in custody at NSDC ever since.  On February 10, 2025, an IJ held a hearing on the merits of Herrera-Ramirez's asylum application and, at that hearing, Herrera-Ramirez sought a custody redetermination.[3]  The IJ denied all forms of relief, including bond, and entered an order of

---

[1] ECF No. 18-2 at 4–5; ECF No. 12-1 at 3–4.

[2] ECF No. 12-1 at 3.

[3] ECF No. 12-3.

removal.[4]  The IJ denied bond based on Herrera-Ramirez's two convictions in Colombia in 2008 and 2009.[5]  He found that the convictions were for "serious criminal activity" and that Herrera-Ramirez "received lengthy [sentences] for each offense" and "has not accepted responsibility for these convictions."[6]

Herrera-Ramirez appealed the IJ's asylum and bond determinations to the BIA.  As relevant here, the BIA affirmed the bond determination "without opinion."[7]  The BIA also affirmed the IJ's removal order.[8]  Herrera-Ramirez appealed the removal-order determination to the Ninth Circuit, and that appeal remains pending.[9]  On September 24, 2025, the Ninth Circuit issued an order staying his removal for the duration of the appeal.[10]

Herrera-Ramirez filed his first habeas petition on September 16, 2025, arguing that he was entitled to a new bond hearing with the burden placed on the government to show by clear and convincing evidence that he was a danger or flight risk.[11]  U.S. District Judge Miranda M. Du denied the petition, finding that Herrera-Ramirez hadn't identified "any individualized circumstances warranting additional procedures, or any unconstitutional failure of the § 1226(a) procedures" in his case.[12]  In mid-December, Herrera-Ramirez filed a motion for a bond-

---

[4] ECF No. 12-3 (order denying application for asylum and withholding of removal under CAT and ordering Herrera-Ramirez's removal to Colombia); ECF No. 12-4 (order denying bond).

[5] ECF No. 12-4 at 3.

[6] *Id.*

[7] ECF No. 12-5.

[8] ECF No. 12-6.

[9] *See Herrera-Ramirez v. Blanche*, Case No. 25-4313 (9th Cir.).

[10] *See id.* at Dkt. No. 12.

[11] *See Herrera-Ramirez v. United States*, Case No. 25-cv-01749-MMD (D. Nev.).

[12] *Herrera-Ramirez v. United States*, 2025 WL 3239043, at *3 (D. Nev. Nov. 19, 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022)).

redetermination hearing in the immigration court, contending that changed circumstances warranted reconsideration of his release on bond.[13]  An IJ denied that request on jurisdictional grounds, concluding that Herrera-Ramirez had already appealed the previous bond determination and finding that he "has a final administrative order of removal based on" the BIA's denial of his removal-order appeal.[14]

Herrera-Ramirez filed his second pro se habeas petition on February 17, 2026.[15]  I appointed counsel and, on March 25, 2026, he filed a counseled amended petition contending that his continued detention without another bond hearing under § 1226(a) violates his due-process rights.[16]  The government responds that Herrera-Ramirez has been afforded all of the process he is due under § 1226(a).[17]

## Discussion

**A.     This court has jurisdiction over Herrera-Ramirez's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[18]  That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained.  The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[19]

---

[13] ECF No. 12-7.

[14] ECF No. 12-8.

[15] ECF Nos. 1, 4.

[16] ECF No. 11.

[17] ECF No. 18.

[18] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[19] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B.    Herrera-Ramirez's detention is governed by § 1226(a) and entitles him to certain due-process procedures that he has not received.**

**1.    *Noncitizens detained under § 1226(a) are entitled to various procedures related to seeking release on bond.***

8 U.S.C. § 1226(a) governs detention "pending a decision on whether the [noncitizen] is to be removed from the United States." The statute permits a noncitizen held under this authority to be detained or released on bond and with conditions.[20] When a person is arrested under § 1226(a), an ICE officer makes the initial custody determination and may order release only if the noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."[21]

The noncitizen may then "request a bond hearing before an IJ at any time before a removal order becomes final" to contest the initial custody determination.[22] At that hearing, the IJ considers "various factors . . . including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country" to determine whether the noncitizen should remain detained or if release (on bond or with other conditions) is appropriate.[23] The noncitizen may be represented by counsel and can submit evidence in his favor.[24] He may also appeal the decision to the BIA.[25] A noncitizen detained under § 1226(a) may also request a redetermination hearing if he experiences a material

---

[20] 8 U.S.C. § 1226(a)(1)–(2).

[21] 8 C.F.R. § 236.1(c)(8).

[22] *Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19).

[23] *Id.* (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); 8 U.S.C. § 1226(a)(2)).

[24] *Id.* (citing 8 C.F.R. § 1003.19(b); *Matter of Fatahi*, 26 I. & N. Dec. 791, 792 (B.I.A. 2016)).

[25] *Id.* (citing 8 C.F.R. § 236.1(d)(1)).

change in circumstances.[26]  He can appeal the IJ's decision of that redetermination hearing to the BIA too.  A federal district courts may not review an IJ's discretionary bond decision, but it has habeas jurisdiction to review bond-hearing determinations for constitutional claims and legal error.[27]

### 2.     *Noncitizen detainees are also entitled to due process of law in immigration proceedings.*

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[28]  But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[29]  The Ninth Circuit applies the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[30] to determine whether a noncitizen's procedural due-process rights have been violated in immigration-detention situations like this one.[31]  Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the

---

[26] 8 C.F.R. § 1003.19(e).

[27] *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Rodriquez Diaz*, 53 F.4th at 1209 (noting that federal courts have "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [petitioner's] agency proceedings, including any claimed due process violation").

[28] *Rodriguez Diaz*, 53 F.4th at 1205 (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[29] *Id.* at 1206.

[30] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[31] *Rodriguez Diaz*, 53 F.4th at 1207 (assuming without deciding that *Mathews* applies to a noncitizen's challenge to detention under § 1226(a)).

6

government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[32]

### 3.    The IJ's legal error when denying his December 2025 bond-hearing request denied Herrera-Ramirez the process he is due under § 1226(a).

Herrera-Ramirez contends that he was not given adequate due-process protections to challenge his detention. He acknowledges that he was given one bond hearing in February 2025, but he contends that the immigration court has not provided him with other opportunities to contest his bond determination that are normally available under § 1226(a). He asserts that the IJ's denial of his December 2025 bond-redetermination request was legal error because the IJ incorrectly determined that he was then detained under § 1231 and thus not entitled to release on bond. And because of that legal error, Herrera-Ramirez theorizes, he was denied the ability to seek a bond hearing based on changed circumstances under § 1226(a) and 8 C.F.R. § 1003.19(e).

The IJ indeed committed legal error when he determined that he lacked jurisdiction because Herrera-Ramirez "has a final administrative order of removal based on" the BIA's denial of his administrative appeal.[33] It is well-established that, when a noncitizen appeals his removal order to the Ninth Circuit and a stay of removal is granted in that appeal, the detention authority that applies to the petitioner is § 1226(a), not § 1231.[34] The Ninth Circuit stayed Herrera-Ramirez's removal approximately three months before the IJ denied his bond-

---

[32] *Mathews*, 424 U.S. at 335 (cleaned up).

[33] ECF No. 12-8.

[34] *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067–68 (9th Cir. 2008) ("[A noncitizen] whose removal order is administratively final, but whose removal is stayed pending the court of appeals' resolution of his petition for review, may be subject to detention under § 1226(a), but not § 1231(a)(2) or (a)(6).").

redetermination request on jurisdictional grounds.[35]  So the IJ's determination that the court lacked jurisdiction to consider his bond request was legal error.  And so was his determination that the court lacked jurisdiction because Herrera-Ramirez had appealed his prior bond denial.  The applicable regulations expressly permit a noncitizen to request a subsequent bond determination "upon a showing that the [noncitizen's] circumstances have changed materially since the prior bond determination."[36]  And that is the authority Herrera-Ramirez invoked when he sought a bond-redetermination hearing.[37]  So both of the reasons the IJ gave to deny Herrera-Ramirez's motion were legally infirm.

> ### 4.  *Herrera-Ramirez is entitled to the process afforded by § 1226(a), and thus must be given an opportunity to seek a bond redetermination hearing free from erroneous jurisdictional determinations.*

Finding that Herrera-Ramirez's second request for a bond hearing was denied on erroneous bases, I must next determine whether due process demands any additional safeguards to protect his rights.  Herrera-Ramirez argues that he is entitled to a second bond hearing under § 1226(a).  He also contends that, because the government has kept him detained for more than two years with only one bond hearing in early 2025, his liberty interest is substantial, as is the risk of the erroneous deprivation of his rights.  He insists that, to cure the violations of his rights, "he must be given a constitutionally adequate hearing in which he can seek release on bond, with the burden on the government to prove that he should continue to be detained."[38]

---

[35] The government inexplicably doesn't mention, let alone discuss, the IJ's December 2025 bond denial in its response to the petition.  *See* ECF No. 18.

[36] 8 C.F.R. § 1003.19(e).

[37] ECF No. 12-7 at 3 (motion for bond-redetermination hearing, requesting that the immigration court "schedule a new bond hearing based upon changed circumstances" under "8 C.F.R. § 1003.19(e)").

[38] ECF No. 11 at 13.

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[39]  Herrera-Ramirez has been detained for two-and-half years.  Under Ninth Circuit precedent, that's considered "prolonged."[40]  But when evaluating Herrera-Ramirez's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[41]  It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[42]

Here, though Herrera-Ramirez received one bond-redetermination hearing, the IJ's erroneous jurisdictional determinations in response to his second hearing request have deprived him of the additional process he is due under § 1226(a).  While I acknowledge that his detention is now prolonged because he has appealed the immigration court's asylum determination to the Ninth Circuit, I note that the government has greatly extended the length of those proceedings by seeking four months of extensions to file a response brief.[43]  So on balance, I find that the deprivation of Herrera-Ramirez's liberty interest weighs in favor of relief.  I also conclude that there is a substantial risk of erroneous deprivation of Herrera-Ramirez's interest because has been unable to utilize the procedural protections that should be afforded to him.

It is undisputed that the government has a strong interest in enforcing its immigration laws, protecting the public from "dangerous criminal" noncitizens, and securing the removal of

---

[39] *Rodriguez Diaz*, 53 F.4th at 1207.

[40] *Id.* (finding 14 months of detention to be prolonged).

[41] *Id.* at 1208.

[42] *Id.*

[43] *See* Dkt. Nos. 19, 22, 26, 29 in *Herrera-Ramirez v. Blanche*, 25-4313 (9th Cir.) (extending response deadline from February 11, 2026, to July 13, 2026).

noncitizens who are subject to final orders of removal.[44]  But in light of the fact that the government hasn't followed its own bond-redetermination procedures, I cannot conclude that the government's interests outweigh the petitioner's in this case.  The parties' interests are not mutually exclusive: the government's interest in enforcing the immigration laws and protecting the public from dangerous noncitizens can still be served while offering due-process protections to the noncitizens in its custody.  So I hold that the government violated Herrera-Ramirez's due-process rights when it deprived him of the procedural protections normally afforded to § 1226(a) detainees.  To satisfy due process, Herrera-Ramirez is entitled to a new bond-redetermination hearing before an IJ.

### 5.   *The government must give Herrera-Ramirez a bond-redetermination hearing, but the burden will remain on Herrera-Ramirez at that hearing.*

To cure his constitutionally deficient detention, Herrera-Ramirez asks for "a constitutionally adequate hearing in which he can seek release on bond, with the burden on the government to prove that he should continue to be detained."[45]  He asserts that, if he "is not granted such a hearing, he must be released from his unconstitutional detention."[46]  Under BIA precedent, bond hearings under § 1226(a) place the burden on the noncitizen to show that he is not a danger or flight risk and is thus entitled to bond.[47]  Herrera-Ramirez doesn't explain why the burden must shift to the government, and the government doesn't respond to this request.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit held that placing the burden on the petitioner in a second bond hearing under § 1226(a) did not facially violate the due-process

---

[44] *Id.* at 1208.

[45] ECF No. 11 at 13.

[46] *Id.*

[47] *See Matter of Guerra*, 241 I. & N. Dec. 37.

clause.[48]  The panel rejected the petitioner's argument that the burden must instead be placed on the government to show by clear and convincing evidence that the noncitizen is dangerous or a flight risk to comport with due process.[49]  It acknowledged some of the reasons other courts have held that such a burden shift is necessary—e.g., placing the burden on noncitizens risks erroneous deprivation because they "face tremendous language and cultural barriers, have difficulty obtaining evidence, and often lack financial resources to hire an attorney"—but concluded that those barriers "bear no relation to the facts of this case" because Rodriguez Diaz had an attorney, was able to present evidence, and can speak English.[50]

Herrera-Ramirez's situation is indistinguishable from *Rodriguez Diaz.*  Herrera-Ramirez received at least one bond hearing about a month after he was initially detained, and he has not shown that he was unable to communicate or present evidence at that hearing.[51]  Herrera-Ramirez has also not alleged that he would be unable to employ an attorney or communicate with the immigration court in any future hearings.  And though the length of Herrera-Ramirez's detention without the opportunity to seek bond has significantly strained his liberty interest, nothing in this record suggests that he risks the continued erroneous deprivation of his rights if he is now provided with the due-process protections normally available under § 1226(a).  So

---

[48] *Rodriguez Diaz*, 53 F.4th at 1211.

[49] *Id.* at 1211–12.

[50] *Id.*

[51] Herrera-Ramirez contends that the first bond hearing was deficient because the IJ mischaracterized his convictions, didn't listen to his explanation that the convictions didn't involve felonies or jail time, and instead relied exclusively on the government's limited documents concerning those convictions.  ECF No. 19 at 6.  But Herrera-Ramirez doesn't show that the IJ's purported actions amount to legal error or a constitutional violation, and this court cannot review the IJ's discretionary bond determination.  8 U.S.C. § 1226(e).  So I do not reach whether the IJ's first bond determination was "inadequate," as Herrera-Ramirez claims.  ECF No. 19 at 7.

while I hold that the risk of erroneous deprivation of Herrera-Ramirez's liberty interest is high without an IJ hearing, I do not find that the burden at that hearing should be on the government to show that he is a threat or a flight risk. But I do find that the circumstances of his detention—its length, and the immigration court's failure to properly apply the law when denying his second custody redetermination hearing—necessitate a new bond hearing unrestricted by the "changed circumstances" requirement from 8 C.F.R. § 1003.19(e). At this bond hearing, the IJ must consider anew the bond factors articulated by the BIA in *Matter of Guerra*.[52]

## Conclusion

IT IS THEREFORE ORDERED that petitioner Harold Herrera-Ramirez's petition for a writ of habeas corpus **[ECF No. 11] is GRANTED IN PART. Respondents must schedule a bond hearing for Harold Herrera-Ramirez before an immigration judge within the next 30 days. That hearing must be conducted in accordance with 8 U.S.C. § 1226(a), 8 C.F.R. § 236.1(d), and any applicable BIA decisions and guidance.** The petition is DENIED to the extent it requests that the hearing require the government to bear the burden of showing by clear and convincing evidence that Herrera-Ramirez is a danger to the community or a flight risk.

IT IS FURTHER ORDERED that the respondents are PERMANENTLY ENJOINED from denying Harold Herrera-Ramirez the ability to be released on bond on the basis that the immigration court lacks jurisdiction under § 1231 while his Ninth Circuit appeal remains pending.

IT IS FURTHER ORDERED that if an individualized bond hearing is not provided by July 29, 2026, Harold Herrera-Ramirez must be released from ICE custody until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

---

[52] *Matter of Guerra*, 24 I. & N. Dec. at 40.

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
June 29, 2026